Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50271 | **DATE** | 10/24/2001 |
| **CASE TITLE** | Truserv Corp. vs. Prices Ilfeld Hardware Co., Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Truserv's motion to remand is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 24 2001 | 17 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 10-24-01 | |
| /SEC | courtroom deputy's initials | 2001 OCT 24 PM 1:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On June 28, 2001, plaintiff Truserv Corporation ("Truserv") filed a two-count complaint against defendant Prices Ilfeld Hardware Co., Inc. ("Ilfeld") in the circuit court for the 19th Judicial Circuit, McHenry County, Illinois, for breach of contract and an accounting. On August 6, 2001, Ilfeld removed the lawsuit to this court. Currently pending is Truserv's motion to remand the action to state court. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In arguing that this matter should be remanded to state court, Truserv relies on a forum selection clause contained in a retail member agreement ("the Agreement") executed between the parties. (Compl., Exh. A) The Agreement states: "This Agreement shall be enforced against either [Ilfeld] or [Truserv], only in courts located in Cook County or any Illinois county contiguous to Cook County, Illinois, and only be interpreted in accordance with the substantive laws of Illinois without giving effect to its conflict of laws principles." (Compl., Exh. A, p.5)

Initially, the court notes neither party has directly addressed the issue of whether Illinois state law or federal common law governs the issue of the validity of the forum selection clause. Compare Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 251 (7th Cir. 1996) (applying Illinois law to issue regarding validity of forum selection clause because parties designated Illinois law), cert. denied, 520 U.S. 1167 (1997) with Northwestern Nat'l Ins. Co. v. Donovan, 916 F.2d 372, 374 (7th Cir. 1990) (applying federal common law because litigants so designated). The court will apply federal common law because that appears to be the more correct approach, see Donovan, 916 F.3d at 373 (applying federal common law is probably the correct approach), and because the parties apparently assume federal law applies, having cited federal cases in their arguments.

Truserv argues the forum selection clause applies only to Illinois state courts, not federal courts. (Reply, p. 1-2) The court disagrees. A forum selection clause is to be treated like any other contractual provision. Donovan, 916 F.2d at 375. Thus, it is enforceable unless there is a strong showing that it should be set aside. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1290-91 (7th Cir. 1989). Courts are split as to whether a forum selection clause's reference to a county, without more, includes federal as well as state courts. Compare Regis Assoc. v. Rank Hotels (Mgmt) Ltd., 894 F.2d 193, 195-96 (6th Cir. 1990) (clause stating that parties "hereby submit to the jurisdiction of the Michigan Courts" held to include federal district courts in Michigan); Links Design, Inc. v. Lahr, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990) (clause stating that the proper venue for any legal action in connection with agreement "shall be Polk County, Florida" held to include federal district court for the district including Polk County); International Ass'n of Bridge, Structural and Ornamental Iron Workers v. Koski Constr. Co., 474 F. Supp. 370, 371-72 (W.D. Pa. 1979) (clause stating that proper venue for any action for violations of the agreement "shall be in Erie County, Pennsylvania" held to include federal district court for the Western District of Pennsylvania) with Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997) (clause referring only to county and not to "judicial districts" held to refer only to state courts, not federal courts); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1345-46 (10th Cir. 1992) (clause stating that "venue shall be proper under this agreement in Johnson County, Kansas" held to refer only to the state court in that county); Intermountain Sys., Inc. v. Edsall Constr. Co., 575 F. Supp. 1195, 1198 (D. Colo. 1983) (phrase, "venue shall be in Adams County, Colorado" held to refer only to state court in that county).

The statement, "[t]his Agreement shall be enforced against either [Ilfeld] or [Truserv], only in courts located in Cook County or any Illinois county contiguous to Cook County, Illinois," is subject to two reasonable interpretations: (1) the clause includes any federal district court for the districts including Cook County or any Illinois county contiguous to Cook County; or (2) the clause includes only state courts located in Cook County or Illinois counties contiguous to Cook County, Illinois. See Links, 731 F. Supp. at 1536. The agreement is a standard form agreement drafted by Truserv. Had Truserv wanted to preclude its members from being able to sue in federal court, it should have stated so more clearly. Ambiguities are construed against the drafter, and the court finds the forum selection clause at issue includes state and federal courts. See id.; Newman/Haas Racing v. Unelko Corp., 813 F. Supp. 1345, 1348 n.3 (N.D. Ill. 1993).

Truserv also argues that even if the clause in question includes federal courts, it does not include this division. Truserv argues this court sits in Rockford, located in Winnebago County, Illinois, which is not contiguous to Cook County. "Locate" is defined as, "to determine or indicate the place, site, or limits of." WEBSTER'S NEW COLLEGIATE DICTIONARY 669 (1979). This division's limits extend to and include McHenry County, which is contiguous to Cook County. Thus, this division falls within the ambit of the forum selection clause. Truserv's motion to remand is denied.